**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SIERRA CLUB,**<br><br>*Plaintiff*<br><br>v.<br><br>**ANGELLE BRADFORD, ELAINE CLEMENT, LOGAN WOLF, MICHELE JOHNSON, NANCY GRUSH, and REGINA ALLEN,**<br><br>*Defendants* | **Case No.:**<br><br>**VERIFIED COMPLAINT** |

Plaintiff SIERRA CLUB ("Sierra Club" or "Plaintiff"), by and through counsel, for its Verified Complaint against Defendants ANGELLE BRADFORD, ELAINE CLEMENT, LOGAN WOLF, MICHELE JOHNSON, NANCY GRUSH, and REGINA ALLEN (collectively, "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for service mark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) (15 U.S.C.A. § 1114), and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (15 U.S.C.A. § 1125), arising from Defendants' unauthorized use of Sierra Club's federally registered SIERRA CLUB name and design mark in connection with the advertising, promotion, and solicitation of donations through an online fundraising campaign (i.e. GoFundMe.com), that Defendants present as the official work of Sierra Club's Delta Chapter. This action also asserts a related Louisiana law claim, brought under the Court's supplemental jurisdiction, to recover a Sierra Club owned laptop computer that Defendant Bradford possesses and unlawfully withholds without right.

2. Sierra Club seeks declaratory and injunctive relief, including an order requiring Defendants to remove Sierra Club's marks from, or display a conspicuous disclaimer of affiliation on, their fundraising materials, together with recovery of Sierra Club's laptop and the costs of this action. Sierra Club does not seek an award of damages or Defendants' profits and/or donations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Sierra Club's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 (28 U.S.C.A. § 1331) and 1338(a). This Court has supplemental jurisdiction over Sierra Club's related Louisiana-law claim pursuant to 28 U.S.C. § 1367(a) (28 U.S.C.A. § 1367), because the claim is so related to the federal claims that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over each Defendant because each Defendant is a resident and domiciliary of the State of Louisiana and the acts giving rise to this action occurred in Louisiana.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) (28 U.S.C.A. § 1391), because all Defendants are residents of the State of Louisiana and at least one Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

## PARTIES

6. Plaintiff Sierra Club is a nonprofit public benefit corporation organized under the laws of the State of California, with its principal place of business at 2101 Webster Street, Suite 1300, Oakland, California 94612. Sierra Club is the owner of the federally registered service marks at issue in this action.

7. Upon information and belief, Defendant Angelle Bradford is an individual who resides in New Orleans, Louisiana, and is the former Chair of the Executive Committee of Sierra Club's Delta Chapter.

8. Upon information and belief, Defendant Elaine Clement is an individual who resides in Lafayette, Louisiana, and is a former member of the Executive Committee of Sierra Club's Delta Chapter.

9. Upon information and belief, Defendant Logan Wolf is an individual who resides in Baton Rouge, Louisiana, and is a former member of the Executive Committee of Sierra Club's Delta Chapter.

10. Upon information and belief, Defendant Michele Johnson is an individual who resides in Slidell, Louisiana, and is a former member of the Executive Committee of Sierra Club's Delta Chapter.

11. Upon information and belief, Defendant Nancy Grush is an individual who resides in Baton Rouge, Louisiana, and is a former member of the Executive Committee of Sierra Club's Delta Chapter.

12. Upon information and belief, Defendant Regina Allen is an individual who resides in Lafayette, Louisiana, and is a former member of the Executive Committee of Sierra Club's Delta Chapter.

## FACTS

13. Plaintiff Sierra Club is a California nonprofit public benefit corporation that is headquartered in Oakland, California and has more than 60 chapters across the United States. The Delta Chapter is the Louisiana Chapter of the Sierra Club and its mission is to advance the cause of protecting and preserving Louisiana's environment and natural places. The Delta Chapter has

approximately 3,500 members in Louisiana. The Delta Chapter is composed of four groups across the state: New Orleans Group, Baton Rouge Group, Honey Island Group, and Acadiana Group.

14. Sierra Club is the owner of valid and subsisting United States Service Mark Registration No. 550,274 on the Principal Register of the United States Patent and Trademark Office for the service mark SIERRA CLUB, which was issued on October 30, 1951, and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Registration No. 550274.

15. Sierra Club is also the owner of valid and subsisting United States Service Mark Registration No. 5,179119 on the Principal Register of the United States Patent and Trademark Office for its design mark consisting of stylized imagery of trees and mountains within a circular shape together with the words "SIERRA CLUB," which was issued on April 11, 2017. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Registration No. 5179119. The marks shown in Registration Nos. 550274 and 5179119 are referred to collectively as the "Sierra Club Marks."

16. Sierra Club has used the SIERRA CLUB word mark in commerce continuously since at least 1892, and the design mark in commerce continuously since at least November 1, 2015, in connection with the dissemination of information relating to, and the promotion of, the conservation of natural resources and related educational and recreational services.

17. As a result of its long, widespread, continuous, and exclusive use of the Sierra Club Marks, the Sierra Club Marks are distinctive and have come to signify Sierra Club as the exclusive source of the services offered under them, and the Sierra Club Marks are associated by the public with substantial goodwill and reputation belonging exclusively to Sierra Club.

18. Defendants Angelle Bradford, Elaine Clement, Logan Wolf, Michele Johnson, Nancy Grush, and Regina Allen are individuals who formerly served as duly elected members of

the Executive Committee of the Delta Chapter and performed their duties within Louisiana. Defendants' authority to act on behalf of, and to use the Sierra Club Marks on behalf of, the Delta Chapter and Sierra Club arose solely from their volunteer leadership positions.

19. On July 10, 2026, a panel consisting of Sierra Club's Executive Director, Board President, and Director suspended Defendant Bradford from all volunteer leadership activities, which included her position as Chair of the Executive Committee for the Delta Chapter, pending an investigation. Separately, the remaining Defendants were no longer duly elected members of the Delta Chapter Executive Committee and were therefore removed from their positions on July 31, 2026. As a result, Defendants no longer held any position that authorized them to act on behalf of, or to use the Sierra Club Marks on behalf of, the Delta Chapter or Sierra Club.

20. Without Sierra Club's authorization, Defendants established and operated an online fundraising campaign on the "GoFundMe" platform titled "Defending Delta Chapter Against Capture," located at the following uniform resource locator ("URL"): https://www.gofundme.com/f/protect-delta-chapters-environmental-work (the "Campaign"). Upon information and belief, Defendant Bradford is the organizer of the Campaign and the remaining Defendants have participated in establishing, promoting, or benefitting from it. Attached as Exhibit 3 are true and correct copies of representative pages of the Campaign.

21. When the Campaign was first created, it prominently displayed the words "SIERRA CLUB" and the Sierra Club design mark, and solicited donations through statements such as, "We are asking for your financial support in covering legal costs associated with protecting Delta Chapter and its work." Defendants' use of the Sierra Club Marks on the Campaign is a use in commerce in connection with the advertising, promotion, and solicitation of donations for the Campaign within the meaning of the Lanham Act.

22. On September 2, 2026, Sierra Club, through its General Counsel, sent a letter to Defendants objecting to Defendants' unauthorized use of the Sierra Club Marks in connection with

the Campaign and demanded that Defendants cease such use. Attached as Exhibit 4 is a true and correct copy of the letter.

23. Defendants continued their unauthorized use of the Sierra Club Marks notwithstanding Sierra Club's demand. On or about September 3, 2026, the Campaign removed the picture with Sierra Club design mark, but continued to solicit donations through statements such as, "We are raising funds to cover legal expenses associated with protecting the work we have built and defending the authority of Delta Chapter's duly elected leadership," and "[o]ur goal is to ensure that Delta Chapter can return its full attention to the work Louisiana urgently needs [ . . .]." Defendants' changed the title of the Campaign to "Help Protect Louisiana's Environmental Voice and Our Chapter." Attached as Exhibit 5 are true and correct copies of representative pages of the Campaign.

24. By displaying the Sierra Club Marks and invoking the Delta Chapter name on the Campaign, Defendants held the Campaign out as an official fundraising effort of the Delta Chapter and of Sierra Club, when in fact the Campaign is not authorized, sponsored, or endorsed by Sierra Club and the funds raised are controlled by Defendants.

25. Defendants have used the Sierra Club Marks with full knowledge of Sierra Club's prior and existing exclusive rights in the Sierra Club Marks, and with knowledge that Defendants' permission to use the Sierra Club Marks had ended.

26. Defendants' use of the Sierra Club Marks is likely to cause prospective donors and members of the public to believe, contrary to fact, that the Campaign is affiliated with, sponsored by, or authorized by Sierra Club and/or its Delta Chapter.

27. Defendants' conduct is causing and, unless enjoined, will continue to cause immediate and irreparable harm to Sierra Club and to the goodwill and reputation associated with the Sierra Club Marks, for which Sierra Club has no adequate remedy at law.

28. Sierra Club is the owner of a laptop computer (the "Laptop") that was issued to Defendant Bradford in error in or about May 2025. Specifically, Sierra Club does not have a

custom and practice of issuing equipment to volunteers. In or about April 2025, Defendant Bradford submitted a request to the Sierra Club's Information Technology ("IT") Department to be issued a laptop. Because Defendant Bradford was mistaken for being a Sierra Club Staff member by the IT Department, she was erroneously issued the Laptop for her use solely in connection with her duties as the Chair of the Delta Chapter, who managed the Chapter's staff at the time.

29. Following a change in the organization's management structure that removed Defendant Bradford's managerial duties, Defendant Bradford was instructed to return the Laptop to Sierra Club in or about June 2026. Defendant Bradford did not return the Laptop as instructed and continued to withhold it without right.

30. Following the suspension of her volunteer leader privileges on July 10, 2026, Defendant Bradford was again instructed to return the Laptop to Sierra Club, and this instruction was reiterated several times through September 2026. Defendant Bradford refused to return the Laptop without first being granted access to retrieve documents from the Laptop. Defendant Bradford did not return the Laptop and continues to withhold it without right.

31. Sierra Club is informed and believes that the Laptop remains in Defendant Bradford's possession in this district and that it is within Defendant Bradford's power to conceal, dispose of, remove from the parish, or otherwise place the Laptop beyond the reach of the Court during the pendency of this action.

## FIRST CLAIM FOR RELIEF

## FEDERAL SERVICE MARK INFRINGEMENT

## (15 U.S.C. § 1114(1))

32. Sierra Club repeats and realleges the foregoing paragraphs as if fully set forth herein.

33. The Sierra Club Marks are valid and protectable registered marks owned by Sierra Club.

34. Defendants' unauthorized use in commerce of the Sierra Club Marks as alleged herein is likely to cause confusion, to cause mistake, or to deceive as to the source, affiliation, sponsorship, or approval of the Campaign, and is likely to cause prospective donors and the public to believe, contrary to fact, that the Campaign is authorized, endorsed, or sponsored by, or affiliated with, Sierra Club and/or its Delta Chapter. Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). (15 U.S.C.A. § 1114 (West 2026).)

35. Defendants committed the foregoing acts of infringement with full knowledge of Sierra Club's prior and exclusive rights in the Sierra Club Marks and after their authority to use the Sierra Club Marks ended.

36. Defendants' conduct is causing immediate and irreparable harm to Sierra Club and to its goodwill and reputation and will continue to do so unless enjoined by this Court. Sierra Club has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. §1125(a))

37. Sierra Club repeats and realleges the foregoing paragraphs as if fully set forth herein.

38. Defendants' unauthorized use in commerce of the Sierra Club Marks as alleged herein constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and the Campaign with Sierra Club and/or its Delta Chapter, or as to Sierra Club's sponsorship or approval of the Campaign and Defendants' activities.

39. Defendants' conduct as alleged herein constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (15 U.S.C.A. § 1125 (West 2026).)

40. Defendants' conduct is causing immediate and irreparable harm to Sierra Club and to its goodwill and reputation and will continue to do so unless enjoined by this Court. Sierra Club has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT**

**(28 U.S.C. §§ 2201-2202)**

41. Sierra Club repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. An actual and justiciable controversy exists between Sierra Club and Defendants concerning Sierra Club's rights in the Sierra Club Marks and the lawfulness of Defendants' use of the Sierra Club Marks.

43. Sierra Club is entitled to a declaration that: (a) it owns valid and enforceable rights in the Sierra Club Marks; (b) Defendants' use of the Sierra Club Marks infringes upon the rights of Sierra Club in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a); and (c) Defendants have no right to use the Sierra Club Marks or any confusingly similar designation.

**FOURTH CLAIM FOR RELIEF**

**REVENDICATORY ACTION AND SEQUESTRATION**

**(Louisiana Civil Code art. 526)**

1. Sierra Club repeats and realleges the foregoing paragraphs as if fully set forth herein.

2. Sierra Club is the lawful owner of the Laptop and has the right to possession of the Laptop. Under La. Civ. Code art. 526, "[t]he owner of a thing is entitled to recover it from anyone

who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him." (See Louisiana Civil Code art. 526.)

3. Defendant Bradford currently possesses and detains the Laptop without right. Sierra Club is therefore entitled to judgment recognizing its ownership of the Laptop and an order that Defendant Bradford return and deliver the Laptop to Sierra Club.

4. Defendant Bradford has the power to conceal, dispose of, waste, or remove the Laptop from the parish during the pendency of this action. Sierra Club is therefore entitled to a writ of sequestration directing the seizure of the Laptop, pending final judgment, pursuant to La. Code Civ. Proc. art. 3571, as made available in this Court by Rule 64 of the Federal Rules of Civil Procedure. (See Louisiana Code of Civil Procedure art. 3571; Fed. R. Civ. P. 64.)

## PRAYER FOR RELIEF

**WHEREFORE,** Sierra Club prays for judgment on its Verified Complaint as follows:

1. A declaration that Defendants' use of the Sierra Club Marks violated Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

2. Preliminary and permanent injunctive relief under 15 U.S.C. § 1116 and Federal Rules of Civil Procedure, Rule 65 enjoining each Defendant, and all those in active concert or participation with any of them who receive actual notice of the Court's order, from:

   a. using the Sierra Club Marks, or any other mark confusingly similar to the Sierra Club Marks, in connection with the Campaign or any other fundraising, advertising, promotion, social media account, domain name, or solicitation of donations, in a manner likely to cause confusion as to affiliation with, or sponsorship or approval by, Sierra Club and/or its Delta Chapter;

   b. representing, expressly or by implication, that the Campaign or any of Defendants' activities are affiliated with, sponsored by, endorsed by, or authorized by Sierra Club and/or its Delta Chapter; and

c. aiding, assisting, or abetting any other person in doing any act prohibited by subparagraphs (a.) through (b.);

3. In the alternative to, or together with, the injunctive relief above, an order under 15 U.S.C. § 1118 directing Defendants to remove the Sierra Club Marks from the Campaign and from any related materials, or to display on the Campaign and any related materials a conspicuous disclaimer, in a form approved by the Court, stating that the Campaign is not affiliated with, sponsored by, or authorized by Sierra Club and/or its Delta Chapter;

4. An order directing, pursuant to Section 34(a) of the Lanham Act (15 U.S.C. § 1116(a)), that Defendants file with the Court and serve upon Sierra Club's counsel, within thirty (30) days after service of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. An order recognizing Sierra Club's ownership of the Laptop and directing defendant Bradford to deliver the Laptop to Sierra Club pursuant to La. Civ. Code art. 526;

6. A writ of sequestration directing the seizure of the Laptop pending final judgment, pursuant to La. Code Civ. Proc. art. 3571 and Rule 64 of the Federal Rules of Civil Procedure, upon Sierra Club's furnishing of such security as the Court determines sufficient;

7. An award of costs of this action under 15 U.S.C. § 1117(a); and

8. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Shannon Burr*
Shannon Burr (#28445)
Joseph J. Aguda, Jr. (#27762)
1615 Poydras Street, Suite 1100
New Orleans, LA 70112
(504) 528-3088 (Office)
(504) 208-3670 (Facsimile)
sburr@grsm.com

jaguda@grsm.com

***Attorneys for Sierra Club***

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the above and foregoing pleading were served on all counsel of record by email, and/or by facsimile transmissions, and/or by placing same in the United States mail, postage prepaid and properly addressed, on November 23, 2026.

_*/s/ Shannon Burr*________________________

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SIERRA CLUB,**

***Plaintiff***

**v.**

**ANGELLE BRADFORD, ELAINE CLEMENT, LOGAN WOLF, MICHELE JOHNSON, NANCY GRUSH, and REGINA ALLEN,**

***Defendants***

**Case No.:**

**VERIFICATION OF DONNA BROWN IN SUPPORT OF SIERRA CLUB'S COMPLAINT**

I, Donna M. Brown, swear under penalty of perjury that I am General Counsel for the Sierra Club. I read the foregoing Verified Complaint, know the contents thereof, and state the allegations are true and correct. I base this Verification on my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true and correct. The grounds of my knowledge, information, and belief are derived from my position as General Counsel at the Sierra Club, my personal involvement in the events underlying this litigation, and general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of Sierra Club's records and conversations Sierra Club's employees.

Signed by:
Donna Brown
Donna M. Brown